[Crim. No. 10916. First Dist., Div. Three. June 26, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
RAYMOND JOSEPH PROVENCHER, Defendant and Appellant.

**COUNSEL**

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Robert R. Granucci and D. Stuart Candland, Deputy Attorneys General, for Plaintiff and Respondent.

M. Brent Gardner, under appointment by the Court of Appeal, for Defendant and Appellant.

## OPINION

**CALDECOTT, J.**—The appeal is from a judgment entered following trial by jury finding the appellant Raymond Joseph Provencher guilty of assault with intent to commit murder and the use of a firearm under Penal Code section 12022.5.

In July 1971, Adolfo Paredes and his wife Rosaura lived in an upstairs apartment in a four-unit building. At approximately 11 p.m. Paredes left in his automobile for the purpose of going to the store for cigarettes. As he started to drive out the driveway another vehicle drove in and Paredes stopped his car alongside. Appellant Raymond Provencher was a passenger in the automobile and his wife Joyce was driving. On previous occasions Paredes had had trouble with appellant and other people who parked their cars near the building and obstructed the driveway.

An argument ensued. Appellant asked Paredes, "Who do you think you are?" Paredes replied that he lived there and tended the place. Provencher went to the trunk of his car, and although Paredes thought Provencher was bluffing, he instructed his wife in Spanish to get his gun. At that time Paredes had nothing in his hands. As he turned back to talk to appellant he heard a shot and his right side went numb.

Paredes' wife started toward their apartment to comply with his instructions when she heard the shot. She turned and saw her husband running up the stairs, exclaiming "He hit me." Paredes grabbed his own shotgun from their bedroom and told his wife to call the police and an ambulance. He then went outside, saw appellant standing by the trunk of his car and fired twice at him. Provencher fell to the ground with the shotgun in his hand. Paredes then went into the front room to see if appellant would come upstairs. He was lying on the couch with a shotgun pointed toward the door when the police arrived.

### Section 12022.5 Does Not Apply to Assault With Intent to Murder

We are faced with the first attempt to apply Penal Code section 12022.5 to Penal Code section 217, assault with intent to murder. Section 12022.5 provides for the additional punishment of five years for anyone convicted of robbery, assault with a deadly weapon, murder, rape, burglary or kidnaping who employs a firearm in the commission or attempt.[1] The

---

[1]"Any person who uses a firearm in the commission or attempted commission of a robbery, assault with a deadly weapon, murder, rape, burglary, or kidnapping, upon

statute lists specific crimes to which it applies, but section 217, assault with intent to murder, is not listed.

The respondent argues that assault with intent to murder contains the same elements as attempted murder, and therefore the statute should apply. ■ Although the elements of attempted murder (intent and direct but ineffectual acts in furtherance) may be present in an assault with intent to murder, the offenses are not identical. (*People* v. *Grant,* 105 Cal.App.2d 347 [233 P.2d 660]; *People* v. *Van Buskirk,* 113 Cal.App.2d 789, 792-793 [249 P.2d 49]; *People* v. *Meriweather,* 263 Cal.App.2d 559, 562-563 [69 Cal.Rptr. 880].) The Legislature has established these two separate crimes, with two separate punishments. If it had wished to include assault with intent to murder in section 12022.5, it could have done so.

It should be noted that assault with intent to murder carries a lesser maximum penalty than any offense listed in section 12022.5, other than a conviction of attempted second degree burglary. Attempted murder carries a maximum sentence of 20 years. ■ Assault with a deadly weapon carries a maximum sentence of life. Assault with intent to murder carries a maximum sentence of 14 years, so that it is rational for the Legislature to have excluded it from the listed crimes. The fact that appellant might have been charged and convicted of attempted murder and thus be subject to the provisions of Penal Code section 12022.5 is immaterial. The fact is that he was not convicted of attempted murder or any other offense specified in section 12022.5 and thus is not subject to its provisions.

■ Furthermore, as stated in *Keeler* v. *Superior Court,* 2 Cal.3d 619, 631 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420], "It is the policy of this state to construe a penal statute as favorably to the defendant as its language and the circumstances of its application may reasonably permit; . . ." Thus any doubt as to whether assault with intent to murder is included in Penal Code section 12022.5 must be resolved in favor of the defendant.

The jury, however, found that appellant "did use a firearm" in the commission of the offense. ■ Penal Code section 12022.5 and section

---

conviction of such crime, shall, in addition to the punishment prescribed for the crime of which he has been convicted, be punished by imprisonment in the state prison for a period of not less than five years. Such additional period of imprisonment shall commence upon expiration or other termination of the sentence imposed for the crime of which he is convicted and shall not run concurrently with such sentence." (Pen. Code, § 12022.5.)

12022[2] do not define a crime or offense but relate to the penalty to be imposed under certain circumstances. Thus section 12022 is not a lesser included offense under 12022.5 but section 12022 would be applicable in any case in which 12022.5 applies. Basically 12022.5 is a limited application of section 12022 with a heavier penalty. In the present case appellant did not come within the provisions of section 12022.5, as the crime of which he was convicted was not specified in that section, but the jury did find that he used and thus was armed with a firearm, a shotgun, at the time the offense was committed. Appellant was charged in the commission with the use of a firearm under section 12022.5, thus had notice that his conduct can also be in violation of section 12022.

### The Confrontation Clause Was Not Violated

■ The appellant complains that prior consistent statements of a prosecution witness were admitted for rehabilitation without a limiting instruction to the jury. Although a limiting instruction was apparently not given, no error was committed. *People* v. *Washington,* 71 Cal.2d 1061 [80 Cal.Rptr. 567, 458 P.2d 479], held that the admission of prior consistent statements as substantive evidence in a criminal proceeding violated the defendant's right to confrontation. The court reached its conclusion using the rationale of *People* v. *Johnson,* 68 Cal.2d 646 [68 Cal.Rptr. 599, 441 P.2d 111]. The rationale of *Johnson,* however, was overturned by the United States Supreme Court in *California* v. *Green,* 399 U.S. 149 [26 L.Ed.2d 489, 90 S.Ct. 1930]. In the instant case, the declarant was present and testifying in court. The confrontation clause was satisfied. (See *People* v. *Cannady,* 8 Cal.3d 379 [105 Cal.Rptr. 129, 503 P.2d 585].)

### There Was No Error in Admitting Prior Inconsistent Statements

■ Appellant's contention that the trial court committed prejudicial error in permitting a witness, one Shirley Yarnell, to be impeached on the basis of prior inconsistent statements is without merit. There is no question that her in-court denial of furnishing "pills" to appellant was inconsistent with her prior statement to the police and that these statements were admissible under Evidence Code section 780.

---

[2]Penal Code section 12022 reads in part: "Any person who commits or attempts to commit any felony within this state while armed with any of the deadly weapons, as defined by subdivision (f) of Section 3024, upon conviction of such felony or of an attempt to commit such felony, shall in addition to the punishment prescribed for the crime of which he has been convicted, be punishable by imprisonment in a state prison for not less than five nor more than 10 years."

## The Application of Penal Code Section
## 12022.5 Is Not Double Punishment

As stated above, section 12022.5 is not applicable to this case. Where applicable, however, it does not amount to double punishment. ▮ It is well established that the statute only provides additional punishment. It does not create an additional offense, and therefore its application does not amount to double punishment. (*People* v. *Chambers,* 7 Cal.3d 666 [102 Cal.Rptr. 776, 498 P.2d 1024].)

## Instructions Were Given on the Concurrence of
## Act and Intent and Conviction of Lesser Included Offense

The appellant complains that there is no indication in the record showing that two necessary instructions, on concurrence of act and intent, and on conviction on a lesser included offense, were given. After the filing of the appellant's opening brief, the record was augmented by the inclusion of the reporter's transcript of the jury instructions. The augmented transcript shows that these instructions were actually given.

The trial court is directed to modify the judgment by striking therefrom the words "Did use a firearm to wit: a shotgun under section 12022.5 P.C." and substituting the words "Was armed with a firearm to wit: a shotgun at the time of the commission of the offense." As so modified the judgment is affirmed.

Brown (H. C.), Acting P. J., concurred.

A petition for a rehearing was denied July 23, 1973.