[Crim. No. 6515. Fourth Dist., Div. One. Mar. 28, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
RODNEY RICHARD GRAHAM, Defendant and Appellant.

**COUNSEL**

Rosella Leasure and Harold F. Tyvoll, under appointments by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, A. Wells Petersen and M. Howard Wayne, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WHELAN, Acting P. J.**—Rodney Richard Graham, defendant, has appealed from a judgment imposing a prison sentence after a jury had found him guilty of voluntary manslaughter and the trial judge had found he was armed with a firearm at the time of his commission of the offense within the meaning of Penal Code section 12022.

The contentions on appeal are concerned solely with the latter finding by the trial judge.

Defendant was charged by an indictment filed March 14, 1973, with the murder of Charles Jackson on March 3, 1973. The indictment alleged further defendant used a firearm in the commission of the offense in violation of Penal Code section 12022.5.

The evidence established Jackson died as the result of a gunshot wound inflicted by defendant with a firearm defendant brought from his bedroom. The shooting occurred in defendant's home in the presence of a dozen or more persons present at a party.

On the day set for trial, before the jury was selected counsel for defendant stated to the court: "[M]y client wishes to waive jury on the 12022.5 armed allegation. In other words, the Court would have to make a finding, presuming, or *in the instance there was an adverse finding in this case on any degree of homicide, the Court would have to make a finding that the defendant was in fact armed.* Now, I have explained to Mr. Graham that this adds or could add a five-year mandatory minimum to whatever sentence the Court imposes. I have also explained to him that under the recent Dorsey case the Court has the authority and the discretion to strike the allegation, even though there is a finding that the defendant was armed, it is entirely discretionary with the trial judge. He understands by waiving

his right to a jury trial on that issue, he is conceding the fact he was armed at the time of the shooting and *he understands that if there is any adverse finding of guilt on any degree of homicide, the Court would necessarily have to find that he was armed.*" (Italics added.)

Defendant then personally waived trial by jury of that issue.

The allegations of the indictment as to that issue, consequently, were not read to the jury.

After the jury returned its verdict finding defendant guilty of voluntary manslaughter, defense counsel brought up the matter of the allegation of defendant's having been armed, the disposition of which was then deferred to the time set for pronouncement of judgment.

When that day arrived, counsel on both sides had conferred as to the applicability of Penal Code section 12022.5 to a conviction of voluntary manslaughter. Their opinion it did not apply was expressed to the court. The court concurred in the opinion, and went on to consider whether the indictment might be amended to substitute section 12022 for section 12022.5. Defense counsel objected to such an amendment. ■ The court ordered the amendment made by replacing the words "did use" with the words "was armed with," and by replacing "12022.5" with "12022."

Defense counsel next moved to strike the allegation the defendant was armed, which motion was denied.

Defendant questions the propriety of a section 12022 finding in any case in which section 3024 is applicable. The question has been answered. ■ A finding that a defendant was armed with a deadly weapon at the time of the offense may have three consequences in addition to its bearing on the degree of the crime itself: (1) the minimum term of imprisonment for the crime is fixed at two years or more (Pen. Code, § 3024); (2) an additional punishment of five years' minimum imprisonment is imposed, to be served consecutively (Pen. Code, § 12022; see also § 12022.5, eff. Nov. 10, 1969); and (3) probation will ordinarily be denied upon conviction of any future offense (Pen. Code, § 1203). (*People* v. *Hicks,* 4 Cal.3d 757, 765 [94 Cal.Rptr. 393, 484 P.2d 65]; see also *People* v. *Robinson,* 6 Cal.App.3d 448, 456 [86 Cal.Rptr. 56].)

■ The People's argument that an act falling within the definitions of Penal Code section 12022 is a lesser offense included within the definitions of Penal Code section 12022.5, which applies only to the use of a firearm, has a certain plausibility, but the history of the two sections does not sup-

port such a theory (*People* v. *Provencher,* 33 Cal.App.3d 546, 550 [108 Cal.Rptr. 792]), and section 12022.5 is intended to cover situations to which the older enactment cannot apply.

Section 12022.5 provides for added imprisonment of not less than five years, which, under Penal Code section 671, furnishes a possible maximum of life imprisonment. (*In re Lynch,* 8 Cal.3d 410 [105 Cal.Rptr. 217, 503 P.2d 921.)

Penal Code section 12022 provides for additional imprisonment of not less than five years nor more than 10 years, and is, therefore, less severe than section 12022.5. (*People* v. *Provencher, supra,* 33 Cal.App.3d 546, 550.)

■ Such an amendment cannot be said to have resulted in prejudice to the defendant. ■ Where the amendment does not change the nature of the offense charged or prejudice the defendant's substantial rights, it is permitted. (*People* v. *Huerta,* 148 Cal.App.2d 272, 275 [306 P.2d 505); *People* v. *Nasworthy,* 94 Cal.App.2d 85, 91 [210 P.2d 83].)

Penal Code section 1009 governing amendments to criminal pleadings provides in pertinent part as follows: "The court in which an action is pending may order or permit . . . the filing of an amended complaint, for any defect or insufficiency, at any stage of the proceedings . . . . A complaint cannot be amended to charge an offense not attempted to be charged by the original complaint . . . ."

■ Under the case law interpreting section 1009, the test applied is whether or not the amendment changes the offense charged to one not shown by the evidence taken at the preliminary examination. (*People* v. *Crosby,* 58 Cal.2d 713, 723 [25 Cal.Rptr. 847, 375 P.2d 839]; *Patterson* v. *Municipal Court,* 17 Cal.App.3d 84, 88 [94 Cal.Rptr. 449]; *People* v. *Valles,* 197 Cal.App.2d 362, 371 [17 Cal.Rptr. 204].)

■ The amendment of an accusatory pleading to allege that a defendant was armed with a deadly weapon at the time of his arrest does not change the offense in any way. That allegation has nothing to do with the elements of the offense charged or its degree. It affects nothing other than the minimum term of the sentence. (*People* v. *Cooper,* 256 Cal.App.2d 500 505 [64 Cal.Rptr. 282], cert. den., 391 U.S. 953 [20 L.Ed.2d 867, 88 S.Ct. 1858]; *People* v. *Provencher, supra,* 33 Cal.App.3d 546, 550.)

In *People* v. *Cooper, supra,* at page 505, it was held proper to permit an amendment of an indictment during trial to charge the defendant was

armed with a deadly weapon, where no such charge had originally been made, but the defendant was not taken by surprise as to the issue to be met.

Likewise, in *People* v. *Spencer*, 22 Cal.App.3d 786, it was noted at page 800 [99 Cal.Rptr. 681] that the defendant was aware in advance of his trial that his being armed at the time of his arrest would be a significant issue. (Cf., *People* v. *Provencher, supra,* 33 Cal.App.3d 546, 550.)

■ The amendment of the indictment was an error favorable to defendant because of the lesser potential maximum added sentence under section 12022.

The quoted stipulation of the defendant was broad enough to permit the court to make any finding embraced within its language which sufficiently covered a finding that defendant was armed with the weapon described in the indictment, which is the finding the court made. The method employed was that used by the Court of Appeal in *People* v. *Provencher, supra,* 33 Cal.App.3d 546, 551.

No prejudice has been shown.

The judgment is affirmed.

Ault, J., and Cologne, J., concurred.

A petition for a rehearing was denied April 17, 1974, and appellant's petition for a hearing by the Supreme Court was denied June 26, 1974.